```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )
                                   ) CIVIL ACTION NO. 10-cr-10159-PBS
TODD LYONS,                        )
DANIEL EREMIAN,                    )
                                   )
          Defendants.              )
                                   )
_____)


**MEMORANDUM AND ORDER**

June 28, 2011

Saris, U.S.D.J.

**I. Introduction**

Defendants Todd Lyons and Daniel Eremian move to dismiss Counts 277 to 343 of their Superseding Indictment, which charge them with violating the Unlawful Internet Gambling Enforcement Act of 2006 ("UIGEA" or "Act"), 31 U.S.C. § 5363(3). For the reasons stated below, the Defendants' motion to dismiss is **DENIED**.

**DISCUSSION**

A. <u>Due Process</u>

Defendants argue that the UIGEA violates the fair notice requirement of the due process clause because it requires

1

operators of a gambling business to consult existing federal and state laws to determine their actions constitute "unlawful intent gambling."  Under the UIGEA,

> No person engaged in the business of betting or wagering may knowingly accept, in connection with the participation of another person in unlawful Internet gambling--
> (1) credit, or the proceeds of credit, extended to or on behalf of such other person (including credit extended through the use of a credit card);
> (2) an electronic fund transfer, or funds transmitted by or through a money transmitting business, or the proceeds of an electronic fund transfer or money transmitting service, from or on behalf of such other person;
> (3) any check, draft, or similar instrument which is drawn by or on behalf of such other person and is drawn on or payable at or through any financial institution; or
> (4) the proceeds of any other form of financial transaction, as the Secretary and the Board of Governors of the Federal Reserve System may jointly prescribe by regulation, which involves a financial institution as a payor or financial intermediary on behalf of or for the benefit of such other person.

31 U.S.C. § 5363.  The UIGEA defines "unlawful internet gambling" as "to place, receive, or otherwise knowingly transmit a bet or wager by any means which involves the use, at least in part, of the Internet where such bet or wager is unlawful under any applicable Federal or State law in the State or Tribal lands in which the bet or wager is initiated, received, or otherwise made."  31 U.S.C. § 5362(10)(A).

To mount their assault on the statute, defendants rely on dicta that "ordinary individuals trying to conform their conduct

to law should be able to do so by reading the *face* of a statute – not by having to appeal to outside legal materials." Sabetti v. DiPaulo, 16 F.3d 16, 17 (1st Cir. 1994) (Breyer, J.). The First Circuit also pointed out, however, that a "person of ordinary intelligence is also a person of common sense, with knowledge of common understandings and practices[.]" Id. (internal quotation marks and citation omitted).

Using this line of reasoning, the Third Circuit rejected a similar facial attack:

> The Act prohibits a gambling business from knowingly accepting certain financial instruments from an individual who places a bet over the Internet if such gambling is illegal at the location in which the business is located or from which the individual initiates the bet. 31 U.S.C. §§ 5362(10)(A), 5363. Thus, the Act clearly provides a person of ordinary intelligence with adequate notice of the conduct it prohibits.

Interactive Media Entertainment v. Attorney General, 580 F.3d 113, 116 (3rd Cir. 2009). I find this rationale persuasive. To the extent that there is any ambiguity in the statute by virtue of its reliance on other laws and regulations, that ambiguity is counterbalanced by the statute's requirement that the defendant act "knowingly." See 31 U.S.C. § 5363; see also United States v. Zhen Zhou Wu, No. 08-10386-PBS, 2011 WL 31345 (D. Mass. Jan. 4, 2011) ("[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." (quoting Village of

3

Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982))).

B. The Treaty

Defendants argue summarily that the UIGEA is inconsistent with the WTO's General Agreement on Trade in Services, but have cited no support for this argument other than a law student note stating that the UIGEA "could" expose the United States to WTO sanctions, but that "the risk of WTO sanctions appears to be minimal[.]" Lisa Boikess, Note, The Unlawful Internet Gambling Enforcement Act of 2006: The Pitfalls of Prohibition, 12 N.Y.U. J. Legis. & Pub. Pol'y 151, 186-87 (2008). This argument is unpersuasive. It has long been held that a statute passed subsequent to the ratification of a treaty abrogates that treaty, to the extent that the two conflict. See Medellin v. Texas, 552 U.S. 491, 509 n.5 (2008) ("[A] later-in-time federal statute supersedes inconsistent treaty provisions."); Whitney v. Robertson, 124 U.S. 190, 194 (1888) (where a law is passed subsequent to a treaty, "if there be any conflict between the stipulations of the treaty and the requirements of the law, the latter must control").

C. Multiplicity of Counts

Defendants allege that counts 277 to 343 are multiplicitous and urge this Court to reduce the number of counts. Counts 277 to 343 involve Defendants' separate acceptances of financial instruments for unlawful internet gambling over the course of

4

three years from nine different banks.  The parties do not dispute that these acceptances are violations of the UIGEA, but dispute whether the United States may charge each acceptance as a separate count.

In a recent decision addressing multiplicity, the First Circuit established the following standard:

> When an indictment includes multiple counts charging a violation of the same statutory provision and a claim of multiplicity is raised, an inquiring court must determine whether the facts undergirding each count can be treated as a distinct unit of prosecution. See United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010); cf. United States v. LeMoure, 474 F.3d 37, 43 (1st Cir. 2007) (observing, with respect to claim of multiplicity, that "[m]ultiple punishments for the same offense ... are permissible if the legislature so intended").  "The critical inquiry is whether Congress intended to punish each statutory violation separately."  Jeffers v. United States, 432 U.S. 137, 155, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).

United States v. Pires, --- F.3d ----, 2011 WL 1288256, at *12 (1st Cir. 2011).

Defendants argue that it is unclear what Congress intended the "unit of prosecution" under UIGEA to be.  The Government retorts that the statutory language is clear, and that Congress intended that each specified transaction be a separate unit of prosecution, for example, "a bet or wager," 31 U.S.C. § 5365(a)(10)(A), "an electronic fund transfer," "any check," and "proceeds of any other form of financial transaction."  31 U.S.C. §§ 5363(2)-(4).  This statutory language reveals Congress' intent that each transaction, rather than the scheme as a whole, should

5

constitute a separate violation of the statute.  Compare United States v. Smith, 46 F.3d 1223, 1234 (1st Cir. 1995) (under the Money Laundering Act, 18 U.S.C. § 1956(a)(1), charging several transactions separately was not multiplicitous because "[e]ach count charges a discrete 'transfer ... of funds' to a distinct payee 'by, through, or to a financial institution' within the meaning of the statute") with United States v. Lilly, 983 F.2d 300, 302-03 (1st Cir. 1992) (finding, under bank fraud statute criminalizing "executing a scheme" to defraud a financial institution, that "[s]ince the twenty-nine counts all relate to a single execution of a unitary scheme, they are multiplicitous").

## ORDER

The Defendants' motion to dismiss is **DENIED**.


                                                  /s/ PATTI B. SARIS
                                                  PATTI B. SARIS
                                                  United States District Judge