UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
    v.                         )
                               ) CIVIL ACTION NO. 10-cr-10159-PBS
TODD LYONS,                    )
DANIEL EREMIAN,                )
                               )
        Defendants.            )
                               )
_____)
```

**MEMORANDUM AND ORDER**

August 25, 2011

Saris, U.S.D.J.

**I. Introduction**

Defendants have moved to dismiss counts 3-5, 87-94, 96, 147-150, 189-195, 224, 227, 228, and 277-306 from the 442-count superseding indictment for improper venue. The government agreed to dismiss counts 307-343, conceding that there is no basis for venue in the District of Massachusetts for those counts. See Doc. No. 76 at 4 n.3; Transcript, May 16, 2011, at 76-77. The government has moved to sever many, but not all, of the remaining counts in question. Doc. No. 104. The defendants have not contested the propriety of venue for Count 1, the conspiracy count, and Count 2, the racketeering count. Because the

1

government need only properly allege venue at this stage of the proceeding, the defendant's motion to dismiss is **DENIED**.

**II. Discussion**

The Constitution and Fed. R. Crim. P. 18 require that a person be tried for an offense in the district where that offense was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI. The site of the charged offense "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6 (1998) (discussing venue for money laundering offenses). "It is by now well-settled that venue is an essential element of the government's proof at trial." United States v. Snipes, 611 F.3d 855, 865 (11th Cir. 2010). A jury must decide whether venue in a given district is proper. Id. at 866. A court considering a pretrial motion to dismiss for improper venue must take as true the allegations in the indictment. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996); United States v. Stein, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) ("[A]s long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied."). The Government's burden is satisfied with regard to pleading venue by alleging that criminal conduct occurred within the venue. United States v. Nicolo, 523 F. Supp. 2d 303, 320 (W.D.N.Y. 2007). If there is a facially sufficient indictment, the Court cannot make venue

determinations based on extrinsic evidence in deciding a pre-trial motion.  See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004)(pointing out there is no summary judgment procedure in criminal cases); United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000) (same).

Courts have found the language "In [state] and elsewhere" to be sufficient for purposes of alleging venue.  See United States v. Novak, 443 F.3d 150, 161-62 (2d Cir. 2006) (finding indictment language alleging criminal activity "within the federal districts listed below and elsewhere" not to constitute facial venue defect); United States v. Ayeki, 289 F. Supp. 2d 183, 188 (D. Conn. 2003) (stating, where indictment alleged crimes "in the District of Connecticut and elsewhere," "the indictment, on its face, properly alleges venue in the District of Connecticut" such that "there is no basis at this stage for moving for dismissal because of improper venue"); United States v. Bellomo, 263 F. Supp. 2d 561, 579 (E.D.N.Y. 2003) (stating, where indictment alleged crimes "within the Eastern District of New York and elsewhere," that indictment language "suffices to sustain it against this pretrial attack on venue").

Here, the defendants have challenged 56 counts of the superseding indictment for improper venue.  These counts all allege venue "in Massachusetts and elsewhere."  Superseding Indictment, Doc. No. 17.  As such, the government has satisfied its obligations regarding venue at this stage.

A word of warning to the government, however.  As the Second Circuit said:

> Where, as in the case at hand, a defendant is charged with conspiracy as well as substantive offenses, venue must be laid in a district where all the counts may be tried.  Thus, the venue potential in a conspiracy case for the prosecutor to choose from is narrowed by the substantive counts the government wishes to prosecute.

United States v. Saavedra, 223 F.3d 85, 94 (2d Cir. 2000).

The government contends that its theory of venue based on Pinkerton is a safe bet.  See Pinkerton v. United States, 328 U.S. 640 (1946) (all defendant members of a conspiracy may be found liable for the substantive offenses of the other members).  The government makes the valid argument that, in the event the Court gives a Pinkerton charge, the problem may be eliminated; each defendant would then be considered substantively liable for the others' conduct, and all defendants could be hailed to Massachusetts on the grounds of Lyons' offenses here.  That said, the Court has discretion regarding whether to give a Pinkerton charge or not.  Even if the Court did so, the instruction would apply only if the government were to prevail on the conspiracy count.

In the absence of a Pinkerton instruction, the government is left with the burden of establishing by a preponderance of the evidence that each substantive offense is properly venued in Massachusetts for each defendant.  See United States v. Salinas, 373 F.3d 161, 164 (1st Cir. 2004).  The government has numerous

complex venue theories, some novel, that the Court need not address now.  However, the government shall explain in detail in its pretrial memorandum how it plans to prove venue for the substantive counts.

**ORDER**

Defendants' Joint Motion to Dismiss for Improper Venue (Doc. No. 60) is **DENIED**.

/s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge