```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|                                   |                            |
|-----------------------------------|----------------------------|
| UNITED STATES OF AMERICA          )                            |
|                                   )                            |
| v.                                ) CRIMINAL NO. 10-10159-PBS  |
|                                   )                            |
| TODD LYONS                        )                            |
| DANIEL EREMIAN,                   )                            |
|                                   )                            |
| Defendants.                       )                            |

**MEMORANDUM AND ORDER**

April 12, 2013

Saris, C.U.S.D.J.

## I. INTRODUCTION

Claimant Candor Aviation filed a third-party claim to a helicopter the government seeks to forfeit in a criminal case involving a gambling enterprise. The United States moves to dismiss the claim on the ground that it was untimely filed.[1] In opposition, Candor Aviation argues that its counsel's late filing constitutes excusable neglect under Fed. R. Civ. P. 60(b)(1), and that the government failed to provide it with adequate notice. After the hearing, the Court dismisses the claim.

---

[1] The government also argues that Candor Aviation is not a bona fide purchaser, but the Court need not reach that issue.

## II.   UNDISPUTED FACTS

On December 5, 2011, after a 21-day trial, a jury found defendants Todd Lyons and Daniel Eremian guilty of several counts related to racketeering and operating an illegal gambling business in Antigua.

On June 29, 2012, the court issued a Preliminary Order of Forfeiture to terminate the defendants' interests in certain assets based upon their convictions.  The assets forfeited included a 1980 Messerschmitt-Boelkow-Blohm helicopter seized on or about May 5, 2010 in Pensacola, Florida.  At the time of the seizure, the government had documents in its possession that showed that Candor Aviation and Candor Ltd., related companies, paid approximately $71,416 for repairs to the helicopter.  See Doc. 317-1, Ex. B (repair invoice from Candor Aviation); Id. Ex. D (Fax to IRS Agent Kellie Bennett containing repair invoices).

The United States posted public notice of the Preliminary Order on an official government website, www.forfeiture.gov, from July 26, 2012 to August 24, 2012.  The notice stated, "Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (July 26, 2012) of this Notice on this official government internet website . . ."  Id. Ex. A.  Therefore, any claim of interest was to be filed by September 24, 2012.

Candor Aviation did not receive direct notice of the forfeiture order from the government.  However, claimant's attorney admitted he received actual knowledge of the notice of forfeiture on August 10, 2012, the date he accessed the official government website.  See Tr. 17:22-24; Doc. 317 at 3.

On September 27, 2012, three days after the deadline, Candor Aviation served on the United States via email a Notice of Claim and Verified Statement of Interest asserting an interest in the helicopter.  See Murrane Decl. at 2.  The claim stated that Candor Aviation had an interest because on April 27, 2010, Daniel Eremian entered into a purchase and sale agreement with the claimant and sold the helicopter to the claimant for $1.00.  Doc. 301, ¶ 3.  Claimant stated that on December 30, 2008, the helicopter was purchased for $199,680 by Robert Eremian, Daniel's brother and the alleged leader of the racketeering enterprise.  Id. ¶ 1.  Robert Eremian is a fugitive.  The United States sent direct notice of the forfeiture order to Robert and Daniel Eremian, among others.  On October 1, 2012, a week after the deadline, the claim was filed with the Court.  See id.  Claimant alleges that the delay between the September 27 and October 1 filings occurred because of its inability to file the document on the Court's electronic filing system.  See Doc. 317 at 3-4.

### III.  DISCUSSION

**A.   Untimely Filing**

The government requests dismissal because the Notice of Claim was filed after the September 24, 2012 deadline. "Following the entry of an order of forfeiture . . . the United States shall publish notice of the order and of its intent to dispose of the property . . . ." 21 U.S.C. § 853(n)(1).  After which, "any person . . . asserting a legal interest . . . may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property . . . ." Id. § 853(n)(2). "If no third party files a timely petition, the preliminary order becomes the final order of forfeiture . . . ." Fed. R. Crim. P. 32.2(c)(2).

Here, Notice of the Preliminary Order was posted from July 26, 2012 to August 24, 2012. The Notice itself states that the claimant's petition must be filed "within 60 days of the first date of publication (July 26, 2012)." Doc. 317-1, Ex. A. The statute states that a claim must be filed within 30 days of the final publication of notice. 21 U.S.C. § 853(n)(2). Accordingly, under the plain terms of both the notice and the statute, any third-party claim was due on or before September 24, 2012. Even with the computer filing problems taken into account, the claim was filed, at the earliest, on September 27, 2012, three days late.

4

The claimant contends the late filing was due to excusable neglect under Fed. R. Civ. P. 60(b)(1).  The court may "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993)(citing Rule 60(b)(1)); see also United States v. $23,000 in United States Currency, 356 F.3d 157, 165 (1st Cir. 2004)(upholding forfeiture order because claimant's late filing of verified statement was not due to excusable neglect under Rule 60(b)).  Claimant's attorney argues that he misread the deadline on the government's notice.  Because he accessed the website www.forefeiture.gov on August 10, 2012, and that date was listed on the top of the notice, he believed he had until October 10, 2012 to file the petition.  However, "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ."  Pioneer Inv. Servs. Co., 507 U.S. at 392.  The notice clearly stated that the petition was due within 60 days of July 26, 2012.  Even if the website was not clear, the deadline was "easily ascertainable" from the statute as well as the Preliminary Order and the Notice of Service by Publication, both of which were filed on the docket of this case. $23,000 in United States Currency, 356 F.3d at 165; see Preliminary Order at 10-11 (Doc. No. 267); Notice of Service by Publication (Doc. No. 287).

Accordingly, claimant's late filing is not excusable under Rule 60(b)(1).

**B. Direct Notice and Actual Knowledge**

Claimant next argues that the government failed to provide it with direct notice of the forfeiture. Fed. R. Crim P. 32.2(b)(6)(A) states, "If the court orders the forfeiture of specific property, the government must . . . send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." While the government "need not take heroic measures to identify" a potential claimant, it must take reasonable steps to learn a potential claimant's identity. United States v. One Star Class Sloop Sailboat, 458 F.3d 16, 25 (1st Cir. 2006). "[W]hen the claimant's identity may be easily ascertained through minimal effort, the government cannot eschew these efforts." Id. (pointing out that the government could have made inquiries from the locus where the property was seized).

The government argues that it did not provide claimant with direct notice because it did not believe Candor Aviation had an interest in the property. Moreover, the United States contends that claimant had actual knowledge of the forfeiture and sufficient time to file a petition before the deadline.

Claimant contends that its repair bills for the helicopter should have caused the government to provide it direct notice.

6

In vehicle cases to determine whether a claimant has possessory or ownership interest in the seized property, courts will consider, among other factors, "who pays for maintenance and repairs." United States v. 7,000.00 in United States Currency, 583 F. Supp. 2d 725, 730 (M.D.N.C. 2008).  The government points out that Daniel Eremian was listed with the Federal Aviation Administration as the owner of the helicopter as of January 5, 2009.  Once the government had evidence that Daniel Eremian was the owner, the caselaw does not put the burden on the government to go searching through records to see if others might have a property interest in the helicopter.  As such, even if Candor Aviation subsequently purchased the helicopter, and even if it was a bona fide sale, the government would have to bear too heavy a burden to look beyond evidence of ownership in government records.

However, even if Candor Aviation (and Candor Ltd.) should have received direct notice as the "true owner," its argument fails if it had received actual knowledge that the helicopter was forfeited, and had sufficient time to file its petition.  "A putative claimant's actual knowledge of a forfeiture proceeding can defeat a subsequent due process challenge, even if the government botches its obligation to furnish him with notice." One Star Class Sloop Sailboat, 458 F.3d at 22.  Here, the claimant admits it had actual knowledge of the forfeiture proceeding when it accessed the government's notice on

www.forfeiture.gov on August 10, 2012, 46 days before the petition was due.  Therefore, claimant had sufficient time to file the petition.

## IV. ORDER

The Motion to Dismiss (Doc. No. 309) is **ALLOWED**.


/s/ PATTI B. SARIS
PATTI B. SARIS
Chief United States District Judge